IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Coder Transportation a/k/a Chris Coder,**
    Plaintiff,

                       Case No:

vs.

**Daimler Truck North America LLC**,
    Defendant.

## JURY TRIAL DEMANDED
## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, CODER TRANSPORTATION a/k/a CHRIS CODER ("Plaintiff" or "Coder"), by and through his attorneys, Sara Douglass and the Lemon Law Group Partners PLC, and submits the following as his Complaint against Defendant DAIMLER TRUCK NORTH AMERICA LLC:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Coder Transportation is a domestic limited liability company located at 1560 Cambridge Drive, Longmont, Colorado 80503. Plaintiff Chris Coder is an individual residing at 1560 Cambridge Drive, Longmont, Colorado 80503.

2. Defendant Daimler Truck North America LLC ("Defendant Daimler") is a foreign limited liability company doing business throughout the State of Colorado. Defendant Daimler may be served through its registered agent, CT Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268.

3. The transactions and occurrences involved in this action took place in the State of Colorado, County of Arapahoe.

**COMMON AVERMENTS**

4. On or about October 12, 2021, Plaintiff leased a new 2022 Western Star 4900FA truck, VIN: 5KKHAEDV2NPNF6256. Please see Exhibit A: Lease Agreement.

5. At the time of lease, the Subject Vehicle was accompanied by a factory warranty which, in relevant part, provided for a five (5) year/600,000 mile engine warranty, a five (5) year/600,000 mile chassis warranty, and a five (5) year/500,000 mile clutch warranty (the "Warranty"). Full warranty is in Defendant's possession.

6. Defendant Daimler's warranties covered any repairs or replacements needed during the warranty period and/or due to defects in factory materials or workmanship.

7. In fact, when delivered, the Subject Vehicle was defective in materials and workmanship, such defects being discovered within the warranty periods and repairs were attempted.

8. Shortly after lease, Plaintiff noticed defects in the vehicle and returned the vehicle to Authorized Dealerships to repair the defects on at least five (5) occasions for defects to the Subject Vehicle including: severe vibration around 55 – 65 miles per hour, steering wheel misaligned, headlights out of adjustment, trailer interrupt not working when headlights on, clunking noise heard in dashboard when HVAC in front on, driver side mirror has discoloration, mirrors vibrating at any speed, hood adjustment on driver side keeps coming loose, lack of power, coolant odor on outside of vehicle despite numerous repair attempts, vibration in seat and floorboard, washer fluid fills very slowly, horn inoperable necessitating replacement, clunking noise from HVAC on passenger side, exhaust clamp behind turbo leaks when cold, wheel balancer problems, driveshaft issues, centramatic system defects, and vibration persists despite numerous repair attempts.   Please see Exhibit B: Repair Orders.

9. Subject Vehicle has been out-of-service for at least one hundred (100) total days for the

aforementioned repairs. Please see Exhibit B.

10. Despite the prolonged time during which the Subject Vehicle has been out-of-service, Defendant has failed to repair the Subject Vehicle so as to bring it into conformity with the warranties set forth herein.

11. The defects experienced by Plaintiff with the Subject Vehicle substantially impaired its use and market value to the Plaintiff, and have shaken the Plaintiff's faith in the vehicle to operate as dependable transportation.

12. Despite Plaintiff's repeated efforts to allow Defendant the opportunity to conform the Subject Vehicle, many nonconforming and defective conditions were not repaired, and still exist. The Vehicle still has issues including vibration defects.

13. Plaintiff directly notified Defendant of the defective conditions of the vehicle on numerous occasions and that he revoked acceptance of the vehicle, rescinded the lease agreement and desired a buy-back of the Subject Vehicle, wherein Defendant has failed and refused to rescind the contract or to buy back Plaintiff's defective Vehicle and to reimburse Plaintiff pursuant to his rights under Colorado and Federal Laws. Please see Exhibit C: Written Notification, and Exhibit D: Return Receipt.

14. Plaintiff seeks judgment against Defendant in whatever amount Plaintiff is entitled to, including equitable relief, rescission of the lease agreement, revocation of acceptance, and consequential damages, along with the costs and expenses of this action.

15. There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this Complaint.

## COUNT I
## BREACH OF FACTORY WARRANTY

16. Plaintiff fully repeats and incorporates Paragraphs 1 through 15, as set forth above.

17. Defendant Daimler extended to Plaintiff a five (5) year/600,000 mile engine warranty, a five (5) year/600,000 mile chassis warranty, and a five (5) year/500,000 mile clutch warranty ("Warranty").

18. Plaintiff, seeking to repair the Subject Vehicle, attempted to exercise his rights under the Warranty.

19. Defendant Daimler has failed to honor the terms of the Warranty.

20. Defendant Daimler has not fixed defects with the subject vehicle.

21. As a result of the actions set forth above, Defendant Daimler has breached the Warranty.

22. As a result of Defendant Daimler's breach of Warranty, Plaintiff has, and will continue to, suffer significant monetary and consequential damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of Plaintiff and against Defendant Daimler in an amount to be proven at trial, including equitable relief, rescission of the lease agreement, revocation of acceptance and all consequential damages, incidental damages, loss of use damages, cost to repair damages, diminution of value, interest, and attorney fees and costs.

## COUNT II
## BREACH OF MAGNUSON-MOSS WARRANTY ACT

23. Plaintiff fully repeats and incorporates Paragraphs 1 through 22, as set forth above.

24. This Court has jurisdiction to decide claims brought under 15 USC § 2301 et seq., by virtue of 15 USC § 2310(d)(1)(A).

25. Plaintiff is a "consumer" as defined by 15 USC § 2301(3).

26. Defendant Daimler is a "supplier" and "warrantor" as defined by 15 USC § 2301(4)(5).

27. The Subject Vehicle is a "consumer product" as defined by 15 USC § 2301(6).

28. 15 USC § 2310(d)(1)(A), requires Defendant Daimler, as a warrantor, to remedy any

4

defects, malfunction or non-conformance of the Subject Vehicle within a reasonable time and without charge to Plaintiff, as defined in 15 USC § 2304(d).

29. The actions of Defendant Daimler as hereinabove described, in failing to tender the Subject Vehicle to Plaintiff free of defects and refusing to repair or replace the defective vehicle tendered to Plaintiff, constitute a breach of the written warranties covering the Subject Vehicle; and thus, constitute a violation of the Magnuson-Moss Warranty Act.

30. Despite repeated demands and despite the fact that the Plaintiff has complied with all reasonable terms and conditions imposed upon him by Defendant Daimler, Defendant Daimler has failed and refused to cure the defects and non-conformities with the Subject Vehicle.

31. As a result of Defendant Daimler's breach of factory warranty as set forth above, and Defendant's failure to honor its obligations under its warranties, Plaintiff has, and will continue to, suffer damages as enumerated above.

32. Defendant Daimler had a reasonable opportunity to remedy the defects in the vehicle but has failed to do so, thereby entitling Plaintiff to a refund of the lease price pursuant to the Magnuson-Moss Warranty Act.

33. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of Plaintiff and against Defendant in an amount to be proven at trial, including equitable relief, rescission of the lease agreement, revocation of acceptance and all consequential damages, incidental damages, loss of use damages, cost to repair damages, diminution of value, interest, and attorney fees and costs.

## COUNT III
## BREACH OF IMPLIED WARRANTY

34. Plaintiff repeats and incorporates Paragraphs 1 through 33 as set forth above.

35. The aforementioned Subject Vehicle leased by Plaintiff was subject to implied warranties of merchantability under C.R.S. § 4-2.5-212.

36. Said implied warranties included, but are not limited to, the following:

   a. Said Vehicle was fit for the ordinary purpose of safe, reliable transportation;
   b. Said Vehicle was of fair average quality;
   c. Said Vehicle was fit for the ordinary purposes for which goods of that type are used.

37. Said Vehicle was not as warranted and represented, and Defendant Daimler has failed and refuses to repair any defects and non-conformities.

38. Plaintiff has given Defendant Daimler a reasonable opportunity to fix the Vehicle but Defendant Daimler has failed to do so within a reasonable time and without costs to Plaintiff.

39. As a result of Defendant Daimler's breach of implied warranties, Plaintiff has and will continue to suffer significant monetary damages.

   **WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of Plaintiff and against Defendant Daimler in an amount to be proven at trial, including all consequential damages, incidental damages, equitable remedies, costs, interest, and attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(1) For actual damages according to proof at trial;

(2) For a refund of the lease price of Subject Vehicle;

(3) For Defendant Daimler to accept return of Subject Vehicle;

(4)     For rescission of the lease agreement, revocation of acceptance and all consequential damages, incidental damages, loss of use damages, cost to repair damages, and/or diminution of value.

(5)     For attorney's fees and costs of suit incurred herein;

(6)     For such other and further relief as the court deems just and proper under the circumstances;

(7)     That all issues be tried before a jury.

Dated: _24th_ day of _October_, 2022

                                                      Respectfully submitted,
                                                     **LEMON LAW GROUP PARTNERS PLC**

                                                      By: _/s/ Sara Douglass_____
                                                         Sara Douglass, Esq. #56061
                                                         Lemon Law Group Partners PLC
                                                         44 Cook Street, Suite 100
                                                         Denver, CO 80206
                                                         Phone: (888) 415-0610 x 5146
                                                         Fax: (888) 809-7010
                                                         sarab@lemonlawgrouppartners.com
                                                         info@lemonlawgrouppartners.com